**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| Austin Naturals LLC f/k/a Puracy LLC §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>Branded AcquiCo No 5, LLC §<br>§<br>Defendant. §<br>§<br>§<br>§ | Case No. <u>1:23-cv-00101</u> |

## ORIGINAL COMPLAINT

Plaintiff Austin Naturals LLC f/k/a Puracy LLC (Austin Naturals) files this original complaint (Complaint) against Branded AcquiCo No 5, LLC (Branded) seeking damages for breach of contract and a declaratory judgment under Section 2201 of the United States Code.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this proceeding pursuant to Title 28, Section 1332(b) of the United States Code.

2.      Austin Naturals is incorporated in Texas and has its principal place of business in Texas.

3.      Branded is incorporated in Delaware and has its principal place of business in New York.

4.      The amount in controversy is at least $1,250,000.

5.      There is thus diversity between parties and a sufficient amount in controversy to grant this Court diversity jurisdiction.

6.      This Court also has personal jurisdiction over Branded for purposes of venue because Branded is a resident of this District.

7.      The events that gave rise to these claims occurred in this District.

8.      Venue is therefore proper in this Court pursuant to Title 28 Sections 1391(b)(1) and 1391(b)(2).

## THE PARTIES

**Plaintiff:**

9.      Austin Naturals is a limited liability company incorporated in the state of Texas, whose business address is PO BOX 160294 Austin, TX 78716-0294, and whose principal place of business is in Austin, Texas.

10.     If necessary, Plaintiff should be contacted through counsel below.

**Defendant:**

11.     Branded is a limited liability company incorporated in the state of Delaware, whose business address is 79 Madison Ave., Fl 8, New York, NY 10016-7810, and whose principal place of business is in New York, New York.

## STATEMENT OF FACTS AND EXHIBITS IN SUPPORT

12.     In support of this Complaint and the claims below, Austin Naturals attaches the following exhibits to this Complaint:

- Exhibit 1: Asset Purchase Agreement (the Agreement);
- Exhibit 2: Demand Letter to Branded.

13.     In further support of this Complaint and the claims below, Austin Naturals alleges upon information and belief that:

14.     Austin Naturals, formerly known as Puracy LLC, is a Texas corporation that was involved in the e-commerce business of selling household and personal care products under the brand name Puracy (the Business).

15.     Austin Naturals was founded in Austin, Texas.

16.     Austin Naturals was founded by citizens of Texas.

17.     Since its founding, Austin Naturals managed and operated the Business out of Austin, Texas.

18.     Austin Naturals sold the Business's products on marketplaces throughout the web, like Target, Kroger, and Amazon, and to customers across the United States.

19.     The Business was successful.

20.     In 2021, Branded approached Austin Naturals for the purpose of acquiring the Business.

21.     Negotiations ensued, and an agreement was reached.

22.     The managing member of Austin Naturals negotiated the sale of the Business from Austin, Texas.

23.     Branded acquired the Business from Austin Naturals pursuant to the Agreement.  *See* Ex. 1.

24.     The managing member of Austin Naturals signed the Agreement in Austin, Texas.

25.     The Agreement, *inter alia*, included a Closing Payment, a Deferred Payment for $1.25 million dollars, and an Earnout Payment.

26.     This lawsuit focuses on the Deferred Payment.

27.     That payment is governed by Section 2.1.2 of the Agreement.  That section states that Branded will pay $1,250,000.00 to Puracy LLC (now Austin Naturals) if the Business's earnings before income, taxes, depreciation, and amortization (EBITDA) in the year following the closing of the Agreement was greater than or equal to 90% of the Business's EBITDA in the year preceding closing.  *See id.*

28.     The Agreement closed on June 30, 2021.

29.     The relevant periods for the Deferred Payment were thus the year prior to June 30, 2021 (the Trailing Period), and the year after June 30, 2021 (the Deferred Payment Period).

30.     Simply put, if the Business's EBITDA for the Deferred Payment Period was 90% or more of the Business's EBITDA in the Trailing Period, Branded owes Austin Naturals $1.25 million dollars.

31.    That happened.  The Business thrived in the year after the closing.

32.    In that time, and to the date this complaint was filed, Branded continued to operate the Business out of Austin, Texas.

33.    It kept the Business's office in Austin, Texas.

34.    It still operates and to a large extent manages the Business out of Austin, Texas.

35.    It continues to sell products to customers in Texas and to advertise to customers in Texas.

36.    The Deferred Payment Period ended a year after the closing date and has now passed.

37.    The Business's Deferred Payment Period EBITDA exceeded 90% of the Business's Trailing Period EBITDA.

38.    Thus, Branded owes Austin Naturals $1,250,000.

39.    That amount is owed and due now.

40.    Austin Naturals demanded Branded pay the Deferred Payment.  Ex. 2.

41.    Branded has refused to pay the owed amount.

42.    Branded has thus breached the Agreement and damaged Austin Naturals.

## CLAIMS FOR RELIEF

43.    The following claims integrate the facts in the foregoing paragraphs as though they are set forth herein.  Each claim also integrates the allegations in the claims preceding and following it:

### I.    Breach of Contract

44.    Branded and Austin Naturals entered into the Asset Purchase Agreement.

45.    The Agreement provides for a Deferred Payment of $1,250,000.00 to Austin Naturals, subject to the Business meeting a certain EBITDA threshold.

46.    The requirements for receiving the Deferred Payment were met.

47.    Austin Naturals did not breach the Agreement.

48.    The Business met that EBITDA threshold.

4

49.     Branded failed to pay $1,250,000.00 to Austin Naturals it owes for the Deferred Payment.

50.     Austin Naturals demanded Branded pay the Deferred Payment.

51.     Branded still refused.

52.     It therefore has breached the Agreement.

53.     Austin Naturals has been damaged by that failure to pay.

## II.     Declaratory Judgment

54.     Austin Naturals also asked the Court to make certain declarations regarding disputed issues between the parties.  Specifically, it asks the Court to declare that:

55.     The Business's EBITDA in the Deferred Payment Period was greater than or equal to 90% of the Business's EBITDA in the Trailing Period.

56.     That the Deferred Payment is due.

57.     That the Deferred Payment is due to Austin Naturals.

## III.     Attorneys' Fees

58.     Austin Naturals also asks the Court to award it attorneys' fees pursuant to Texas Civil Practice and Remedies Code Section 38.001 for Branded's breach of contract, pursuant to United States Civil Practice and Remedies Code Section 37.009 for the declaratory judgments, and under the applicable sections and provisions of the Agreement.

## IV.     Prayer

59.     Plaintiffs pray for a judgment that awards:

   a.  Damages for Branded's breach of contract;

   b.  A declaratory judgment that Austin Naturals is entitled to the Deferred Payment of $1,250,000 from Branded;

   c.  Attorneys' fees and court costs.

   d.  For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Ethan Glenn*
Ethan Glenn
Bar No. 24101810
1400 Lavaca, Suite 1000
Austin, Texas 78701
(737) 802-1800 Telephone
(737) 802-1801 Facsimile
Email: Ethan.Glenn@butlersnow.com

*Counsel for Austin Naturals LLC f/k/a Puracy LLC*

## **VERIFICATION**

I verify under penalty of perjury that the foregoing complaint and allegations are true and correct, to the best of my knowledge and information available to me at the time of filing.

/s *Sean Busch*
Sean Busch
Managing Member
Austin Naturals LLC f/k/a/ Puracy LLC

6